# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-00207 |
| v. | (Chief Judge Brann) |
| ANTHONY D. BRESSI, DAMONICO HENDERSON, and TERRY HARRIS, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 3, 2023

## I.  BACKGROUND

On June 27, 2019, a grand jury indicted Defendants Anthony Bressi, Damonico Henderson, and Terry Harris, charging them collectively with conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances (Count I), and individually with possession with the intent to distribute controlled substances (Bressi – Count II; Henderson – Count III; Harris – Count IV).[1] The Defendants pleaded not guilty.[2] The Court assumes the parties' familiarity with the alleged factual background for the indictment.[3]

---

[1]  Doc. 16 (Indictment).
[2]  Doc. 22 (Harris Not Guilty Plea); Doc. 28 (Bressi Not Guilty Plea); Doc. 38 (Henderson Not Guilty Plea).
[3]  A detailed discussion by the Court of the alleged factual basis of the indictment can be found in this Court's prior memorandum opinions. *See*, *e.g.*, Mem. Op., Doc. 290 (Apr. 19, 2023).

Currently pending before this Court is Henderson's Motion to Exclude Government Expert Testimony and Evidence for a *Daubert* Hearing.[4] Henderson's co-defendants joined his motion,[5] which is fully briefed and ripe for disposition.[6]

**II.   LAW**

As the parties have noted, Federal Rule of Criminal Procedure 16 was amended in 2022 to "address[] two shortcomings of the prior provisions on expert witness disclosure: the lack of adequate specificity regarding what information must be disclosed, and the lack of an enforceable deadline for disclosure."[7] Previously, Rule 16 required that the government provide "a written summary of the expert witness testimony the government expected to use in its case-in-chief at trial."[8] Rule 16 now requires that the government provide: (1) a "complete statement of all opinions the government will elicit from the witness;" (2) "the bases and reasons for them;" (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" and (4) a list of cases in which the witness has testified as an expert in the prior 4 years.[9] The statement of the witness' opinions "does not require a verbatim recitation of the testimony the expert will give at trial."[10]

---

[4] Mtn. to Exclude, Doc. 291.
[5] Notice of Joinder by Anthony D. Bressi, Doc. 295; Notice of Joinder by Terry Harris, Doc. 296.
[6] Mtn. to Exclude Br., Doc. 292; Opp., Doc. 297; Reply, Doc. 300. Bressi also filed a Reply Brief. Doc. 303.
[7] Fed. R. Crim. P. 16, Advisory Comm. Notes 2022 Amendments.
[8] Wright & Miller, Federal Practice & Procedure Criminal § 255 (4th ed. 2023).
[9] Fed. R. Crim. P. 16(a)(1)(G)(iii).
[10] Fed. R. Crim. P. 16, Advisory Comm. Notes 2022 Amendments.

## III. ANALYSIS

### A. Expert Disclosures

For each witness, the Government avers that the substance of the witness' testimony and the bases for their opinions have been provided in discovery.[11] Though Rule 16 requires "[t]he disclosure for each expert witness" contain "a complete statement of all opinions" and "the bases and reasons for them,"[12] it also permits the Government to fulfill this requirement through production of the results or reports of physical or mental examinations or scientific tests or experiments.[13] "Information previously provided need not be repeated in the expert disclosure, if the expert disclosure clearly identifies the information and the prior report in which it was provided."[14]

The Government has not provided any of the reports that it purports to incorporate into its expert disclosures, therefore the Court is largely unable to determine whether the Government has met its obligation. However, the Government's supplemental disclosures do not inspire confidence.

---

[11] *E.g.*, Opp. 4 ("The substance of Bozenko's opinion testimony has previously been set forth in discovery."); 6 (Pulfer's "report has previously been provided."); 7 ("A lab report indicating the conclusions reached by Watts regarding her fingerprint analysis has previously been provided."), ("The report shows the conclusions reached by Stephens."); 8 ("The United States has previously provided lab reports and PowerPoint presentations of Rebecca Patrick in which she describes…").
[12] Fed. R. Crim. P. 16(a)(1)(G)(iii).
[13] Fed. R. Crim. P 16(a)(1)(F), (G)(iv).
[14] Fed. R. Crim. P. 16, Advisory Comm. Notes 2022 Amendments.

For example, the Government notes that Joseph Bozenko "provided expert assistance to FBI Agent Timothy O'Malley during Agent O'Malley's investigation, for example, by explaining to Agent O'Malley what certain chemicals could be used for."[15] The Government also filed as an exhibit "[a] complete record of the emails exchanged by Bozenko and Agent O'Malley."[16] The Government then "summarize[s] for clarity the complete of Bozenko's opinion:"

> a. His support to Agent O'Malley as to what the chemical, precursors, and lab equipment purchased by Shiva and Bressi could be used for.
> b. His opinion about whether these chemicals and precursors had widespread legitimate uses or limited other uses besides the manufacture of fentanyl analogues.
> c. His opinion regarding the hazardous nature of these chemicals and his opinion regarding the laboratory practices of Bressi and about whether these practices comported with standard laboratory practices (probative of whether Shiva was a legitimate lab and also to the precautions taken during the search of Shiva).
> d. His opinion about the ability of Bressi and Shiva to successfully manufacture fentanyl and fentanyl analogues.[17]

As an initial matter, the Court notes that, as discussed above, the Government cannot meet its burden by "summarizing" Bozenko's opinion. Nor is describing aspects of Bezenko's participation by way of "example" sufficient to meet Rule 16's requirement that the Government provide a "*complete* statement of *all* opinions that the Government will elicit" from Bozenko.[18] .

---

[15]  Opp. 4.
[16]  *Id. See also* Gov't Ex. A, Doc. 297-1 ("Bozenko Emails").
[17]  Opp. 5-6.
[18]  Fed. R. Crim. P. 16(a)(1)(G)(iii) (emphasis added).

Nor does it contain the "bases and reasons" for his statements to O'Malley regarding "what the chemical, precursors, and lab equipment." This is no failing of Bozenko or O'Malley—it would be inefficient for Bozenko to provide a dissertation on each of the dozens of chemicals listed in the emails in the middle of an investigation. However, though Bozenko may not have been required to show his work to O'Malley, he must do so now.

The Government's summary of Bozenko's opinion fails to identify *which* chemicals, precursors, and lab equipment he will testify about or *why*, for instance, he believed some of them were hazardous. Further, the email thread is not a "report" of a "physical or mental examination" or "scientific test or experiment" that "is signed by the witness."[19] Even if the Government could refer to Bozenko's emails to satisfy its Rule 16 obligations, the emails include comments such as "a few reagents are common to drug synthesis but are unspecific;" that certain equipment purchases "are a bit disconcerting but could mean a lot of things;" and "many of the chems below are solvents or reagents that have a wide array of applications both licit and illicit."[20] This does not identify the chemicals at issue and falls well short of providing the defendants "with fair opportunity to test the merit of the expert's

---

[19] Fed. R. Crim. P 16(a)(1)(F), (G)(iv-v). The Court also notes that none of the witnesses have signed the expert disclosure. Rule 16(a)(1)(G)(v) requires that each witness sign the disclosure unless that witness "has previously provided under [Rule 16(a)(1)(F)] a report, signed by the witness, that contains all the opinions and the bases and reasons for them as required by [Rule 16(a)(1)(G)(iii)].

[20] Bozenko Emails at 6, 21.

testimony through focused cross examination" as well as "an opportunity to challenge the expert's opinion and qualifications."[21]

The Government's disclosures are no less deficient when they do incorporate a report. For example, the Government simply states that Brandy Bevan Pulfer's "report has previously been provided, as has supplemental discovery regarding the certification and calibration of the PSP laboratory in which she works."[22] To incorporate information from a previously provided report, the expert disclosure must both "clearly identif[y] the information *and* the prior report in which it was provided."[23]

Finally, many of the Government's disclosures fail to even identify the expert's opinion on a more basic level. For example, the Government's statement that "Bozenko will offer opinions regarding . . . the ability of Bressi and Shiva to successfully manufacture fentanyl and fentanyl analogues."[24] Though it is likely a safe bet that Bozenko is of the opinion that Bressi and Shiva could successfully manufacture fentanyl and fentanyl analogues, the Government's disclosure fails to even go that far. As a general matter, statements that a witness will testify "regarding" a topic,[25] or "whether" something is the case are insufficient. Rebecca

---

[21] *United States v. Parfaite*, 2022 WL 842599, at *7 (M.D. Pa. Mar. 21, 2022) (quoting *U.S. v. McNeil*, 2010 WL 56096, at *7 (M.D. Pa. Jan. 5, 2010)) (discussing purpose of Rule 16).
[22] Opp. 6.
[23] Fed. R. Civ. P. 16, Adv. Comm. Notes 2022 Amendments.
[24] Opp. 6.
[25] *E.g.*, *id.* at 6,

Patrick may well be qualified and have a sufficient basis to "offer an opinion on whether Bressi was capable of making fentanyl in the Shiva lab."[26] But, unless the Government discloses what that opinion is—*i.e.*, that Bressi was capable of making fentanyl—she will not get that chance.

### B. Remedy

Henderson seeks to preclude the Government "from eliciting any expert testimony at trial for its failure to comply with its notice obligations under Rule 16."[27] "[W]hether to impose any sanction at all for a Rule 16 violation is within the Court's discretion, and exercise of that discretion turns on whether the Defendant has shown the nondisclosure was prejudicial."[28] Henderson makes much of the fact that the Government filed its Notice of Intent to Call Expert Witnesses over three years after he filed his Notice for Request of Expert Testimony.[29] Though the Court takes a jaundiced view of the Government's rather slow approach to its discovery obligations, Henderson has not argued, beyond a generalized grievance about the delay, how he has been prejudiced.

On the contrary, the Defendants have repeatedly requested continuances, asserting that they would not prejudiced by delaying a trial.[30] Also, though

---

[26] *Id.* at 9.
[27] Reply 4.
[28] *United States v. King*, 2022 WL 2343316, at *9 (W.D. Pa. June 29, 2022) (citing *United States v. Lopez*, 271 F.3d 472, 483-84 (3d Cir. 2001)).
[29] Reply 4.
[30] *E.g.*, Docs. 42, 74, 90, 92, 95, 97, 101, 111, 136, 144, 277.

Henderson objects that the Notice the Government did file does not comport with the requirements of the since amended Rule 16, the Court notes that Henderson did not amend his own request, which borrowed its language from pre-amendment Rule 16.[31] Further, following a March 29, 2023 status conference, the Court set a July 3, 2023 deadline for *Daubert* motions.[32] Defendants did not object to the Government's disclosures until Henderson filed the instant motion on July 3. Nor did Defendants ask the Court to set a deadline requiring the Government to file disclosures updated to comply with amended Rule 16.[33] The Court will not preclude the Government from introducing expert testimony where Defendants have been similarly dilatory.

The Court will, however, require the Government to file new expert disclosures comporting with the requirements of Rule 16 by December 1, 2023. To minimize any confusion, the new disclosures must be filed as a self-contained document rather than as a supplement to the Government's current disclosures. If the new disclosures incorporate any information from previously produced reports, they must clearly identify both the reports themselves and the information to be incorporated.

---

[31] *See* Doc. 49.
[32] Ord., Doc. 284.
[33] Rule 16(a)(1)(G)(ii) requires that the court "set a time for the government to make its disclosures . . . sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." As the Government *had* filed disclosures, there was no need for the Court to step in and set a new deadline, absent an objection.

To the extent that Henderson has separately moved for a *Daubert* hearing, that request is denied as moot without prejudice to the Defendants' right to renew that motion within ten (10) days of the Government's forthcoming expert witness disclosures.

## IV.   CONCLUSION

For the foregoing reasons, the Court denieds Henderson's Motion to Exclude Expert Testimony and Request for a *Daubert* Hearing.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge