IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-00207 |
| v. | (Chief Judge Brann) |
| ANTHONY D. BRESSI, DAMONICO L. HENDERSON, and TERRY HARRIS, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 1, 2024

I.     BACKGROUND

On June 27, 2019, a grand jury indicted Defendants Anthony Bressi, Damonico Henderson, and Terry Harris, charging them collectively with conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances (Count I), and individually with possession with the intent to distribute controlled substances (Bressi – Count II; Henderson – Count III; Harris – Count IV).[1] The Defendants pleaded not guilty.[2] The Court assumes the parties' familiarity with the alleged factual background for the indictment.[3]

---

[1]   Indictment, Doc. 16..
[2]   Harris Plea, Doc. 22; Bressi Plea, Doc. 28; Henderson Plea, Doc. 38.
[3]   A detailed discussion by the Court of the alleged factual basis of the indictment can be found in this Court's prior memorandum opinions. *See*, *e.g.*, Apr. 19, 2023 Mem. Op., Doc. 290.

Currently before the Court is Henderson's Motion to Exclude Government Expert Testimony and Evidence and for a *Daubert* Hearing.[4] This is Henderson's second such motion. Previously, Henderson argued that the Court should exclude the Government's proffered witness testimony as the Government's disclosures fell short of the requirements of Federal Rule of Criminal Procedure 16, which had been amended after the Government filed its initial disclosures.[5] The Court denied Henderson's motion but required the Government to file new disclosures that comported with the requirements of Rule 16 and allowed Henderson to renew any *Daubert* challenges following the filing of updated disclosures.[6] The Government filed its new disclosures on December 1, 2023[7] and Henderson filed his second *Daubert* motion on December 11, 2023.[8] Henderson's co-defendants joined his motion,[9] which is now fully briefed and ripe for disposition.[10]

## II. LAW

Federal Rule of Criminal Procedure 16 was amended in 2022 to "address[] two shortcomings of the prior provisions on expert witness disclosure: the lack of adequate specificity regarding what information must be disclosed, and the lack of

---

[4] Mot. to Exclude, Doc. 307.
[5] *See* Nov. 3, 2023 Mem. Op., Doc. 304.
[6] Nov. 3, 2023 Ord., Doc. 305.
[7] Expert Witness Disclosures, Doc. 306.
[8] Doc. 307.
[9] Bressi Notice of Joinder, Doc. 309; Harris Notice of Joinder, Doc. 311.
[10] Henderson Br. Supp., Doc. 308; Bressi Br. Supp., Doc. 310; Gov't Opp'n., Doc. 314.

an enforceable deadline for disclosure."[11] Previously, Rule 16 required that the government provide "a written summary of the expert witness testimony the government expected to use in its case-in-chief at trial."[12] Rule 16 now requires that the government provide: (1) a "complete statement of all opinions the government will elicit from the witness;" (2) "the bases and reasons for them;" (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" and (4) a list of cases in which the witness has testified as an expert in the prior 4 years.[13] The statement of the witness' opinions "does not require a verbatim recitation of the testimony the expert will give at trial."[14]

Federal Rule of Evidence 702 requires that expert testimony is (1) qualified, (2) reliable, and (3) assists the trier of fact.[15] "Before the proposed testimony gets presented to the jury, the trial judge evaluates its admissibility based on these three requirements."[16]

## III. DISCUSSION

In its updated expert disclosures, the Government identified five experts who had been included on the prior disclosure, Brandy Pulfer, Rebecca Patrick, Joseph

---

[11] Fed. R. Crim. P. 16, Advisory Comm. Notes 2022 Amendments.
[12] Wright & Miller, Federal Practice & Procedure Criminal § 255 (4th ed. 2023).
[13] Fed. R. Crim. P. 16(a)(1)(G)(iii).
[14] Fed. R. Crim. P. 16, Advisory Comm. Notes 2022 Amendments.
[15] *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020).
[16] *U.S. v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010)

Bozenko, Krystal Watts, and Joseph Stephens, in addition to a newly disclosed individual, John Orlando. As to Orlando, the Government states that it "does not believe this testimony rises to the level of an expert opinion."[17] Instead, the Government suggests that it is simply providing notice "to the extent it relates to any special skill and training he may possess."[18] Henderson argues that "while the Supplement now identifies the specific opinions by most of its experts, or at least where to find them, it does nothing to advance the experts bases and reasons for those opinions."[19] The Government responds tersely that "[t]he subject matters at issue—chemistry, fingerprints, cell site location analysis—are established fields and are not novel."[20]

### A. Cell Site Testimony

It is unclear to the Court what the Government means to accomplish with its inclusion of Orlando in its expert disclosure. Either Orlando will offer expert testimony, or he will not. Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702 do not contain any provisions that allow for the disclosure and admission of "expert-lite" testimony. If the Government intends to elicit any testimony under Federal Rules of Evidence 702, 703, or 705, then it must amend its disclosure to properly disclose that testimony. To that end, the Government asserts

---

[17] Disclosures at 15.
[18] *Id.*
[19] Henderson Br. 7.
[20] Gov't Opp'n. 3.

that Orlando "will offer testimony on location data analysis from cell phones recovered during the investigation based on location data received from cell phone providers" and that any exhibits will be introduced under Federal Rules of Evidence 803(6) or 1006.[21]

The United States Court of Appeals for the Third Circuit has observed "[t]here is very little case law concerning the proper bounds of [Cell Site Location Information] testimony."[22] Henderson directs the Court to the opinion of the Seventh Circuit in *United States v. Hill*, a case in which the parties "d[id] not dispute that testimony about historical cell-site analysis is expert testimony."[23] However, the *Hill* court noted "[t]hat proposition is not . . . universally applied, and perhaps not even universally accepted," observing that "[s]ome circuits have treated some kinds of historical cell-site analysis as lay testimony."[24] For its part, the Government points the Court to *United States v. Sanchez*, in which the Eleventh Circuit rejected a challenge to the admissibility of call detail records under Rule 803(6).[25]

In determining the proper bounds of the cell-site testimony, courts evaluate the kind of testimony at issue.[26] Maps plotting the location of towers that a cell phone

---

[21] *Id.* at 2.
[22] *U.S. v. Walker*, 776 Fed. Appx. 75 (3d Cir. 2019), *vacated on other grounds by* 990 F.3d 316 *and* 142 S.Ct. 2858 (2022).
[23] 818 F.3d 289, 296 (7th Cir. 2016).
[24] *Id.*
[25] 586 F.3d 918, 927-29 (11th Cir. 2009).
[26] *Hill*, 818 F.3d at 296.

connected to and testimony that the phone must have been within a certain radius of those towers does not constitute expert testimony.[27] However, to the extent that a witness testifies regarding the technical details of how cell phones connect to a cellular network, such testimony must meet the requirements of Rule 702.[28]

The Government's disclosure provides insufficient information regarding the testimony it seeks to elicit from Orlando for the Court to weigh in on whether it will constitute expert testimony. The Court will not require the Government to amend its disclosures regarding Orlando. Rule 16 does not require the disclosure of non-expert testimony, therefore if the Government does not intend to elicit expert opinion testimony, it need not include Orlando or his proffered testimony in its Rule 16 disclosure. The Court notes, however, that if the Government opts not to amend its disclosure regarding Orlando's testimony, it does so at its own peril—the Government will not be permitted to elicit undisclosed expert opinion testimony at trial. To the extent that the Government wishes to amend its disclosures regarding any cell site testimony, it must do so by February 15, 2024.[29]

---

[27] *Id.* (citing *United States v. Graham*, 796 F.3d 332, 364 (4th Cir. 2015); *United States v. Henderson*, 564 F. App'x 352, 364 (10th Cir. 2014)).

[28] *Graham*, 796 F.3d at 365.

[29] The Government may substitute Orlando for another individual. If the Government opts to amend its disclosures to include any opinions regarding cell site locations, the Court respectfully encourages the Government not to repeat the same errors identified by the Court below.

B.     **Expert Testimony**

As to each witness, the Government describes the bases of its witness opinions with some variation of the same boilerplate language:

> [The witness is] expected to testify that she applied scientifically accepted techniques and testing methods, as well as her knowledge, skill, experience, training, and education, to reach the opinions stated in her report.[30]

As the proponent of the expert testimony, it is the Government's burden to demonstrate that the expert testimony is reliable.[31] It has not carried that burden. The Government's Rule 16 disclosure says nothing about what techniques and testing methods were applied. While the Court agrees that chemistry, fingerprints, and cell site location analysis, are "fields of study," they are not "techniques and testing methods." The Court is obligated to ensure that any expert testimony is (1) "based on sufficient facts or data," (2) "the product of reliable principles and methods," and (3) "a reliable application" of those principles and methods.[32] It must "make explicit findings, whether by written opinion or orally on the record, as to the challenged preconditions to admissibility."[33] Contrary to the Government's suggestion, simply stating that the Government's witnesses "did chemistry" is insufficient to fulfill that

---

[30] Disclosures 3; *accord id.* at 5, 10, 13, 14, 16.
[31] Fed. R. Evid. 702.
[32] *Id.*
[33] *Sardis v. Overhead Door Corp.*, 10 F.4th 268 (4th Cir. 2021) (citing *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019); *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 201 (5th Cir. 2016); *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010)).

obligation.[34] Further, even if the Court accepted the Government's argument that the identified "fields of study" were the sort of "reliable principles and methods" identified by Rule 702, the Government's disclosure is silent on how its experts' conclusions are a product of those principles and methods. Similarly, to the extent that an opinion is based on the expert's "knowledge, skill, experience, training, and education,"[35] the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."[36]

Finally, insofar as the Government's intends for reference to its "ongoing discovery obligations" to excuse any deficiencies in its Rule 16 disclosure, the Government appears to be laboring under the misapprehension that deadlines set by this Court are optional. Federal Rule of Criminal Procedure 16 requires the Court to set a deadline for expert disclosures. The Court set that deadline for December 1, 2023. The Government did not request an extension of that deadline. Therefore, the Government's disclosures were due on that date.[37] Rule 16(c) requires parties to disclose *newly discovered* evidence or material that falls within a previous request

---

[34] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 158-59 (1999) (Scalia, J. concurring) ("[T]rial-court discretion in choosing the manner of testing expert reliability . . . is not discretion to abandon the gatekeeping function . . . [and] it is not discretion to perform the function inadequately.").
[35] *See* Disclosures, *supra*.
[36] Fed. R. Evid. 702, Advisory Comm. Notes, 2000 Amendments.
[37] *See* Fed. R. Crim. P. 16, Advisory Comm. Notes 2022 Amendments (noting that Rule 16 was amended to "ensure enforceable deadlines").

or court order. It is not an exception which permits parties to defer their duty to disclose evidence or material that they are aware of beyond a deadline set by the Court. Therefore, the Government shall disclose any such evidence or material by February 15, 2024.

## IV. CONCLUSION

For the foregoing reasons, Defendants' request for a *Daubert* hearing is granted. In the interim, the Court reserves judgment on the admissibility of the Government's proffered expert testimony.

An appropriate Order follows.

          BY THE COURT:

          *s/ Matthew W. Brann*
          Matthew W. Brann
          Chief United States District Judge