IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-0207 |
| v. | (Chief Judge Brann) |
| ANTHONY D. BRESSI, | |
| Defendant. | |

**MEMORANDUM OPINION & ORDER**

**SEPTEMBER 26, 2024**

## I.   BACKGROUND

In July 2024, Defendant Anthony Bressi filed an omnibus Motion seeking to suppress certain evidence, dismiss the indictment, limit the testimony of Government expert Rebecca Patrick, and compel discovery.[1] On September 6, the Court denied Bressi's Motion as to all issues but one: whether to suppress evidence based upon a perceived misuse of the grand jury subpoena power.[2] The Court reserved ruling on this issue pending additional briefing and, if necessary, an evidentiary hearing.[3] After considering the parties' supplemental briefing, the Court has determined that no hearing is necessary.

The motion is now ripe for disposition; for the reasons that follow, it is denied.

---

[1]  Doc. 356.
[2]  Docs. 369, 370.
[3]  Doc. 370.

## II. DISCUSSION

In his omnibus motion and supporting brief, Bressi argues that the evidence obtained pursuant to several search warrants must be suppressed (and the indictment dismissed) because the warrant applicant, Special Agent Timothy K. O'Malley of the Federal Bureau of Investigation, "served as the investigating agent for the grand jury in this matter" and "referenced evidence and information obtained by the grand jury through use of subpoena" in the warrant applications.[4] This is improper, according to Bressi, because it blurred the lines between the independent investigatory function of the grand jury and the prosecutorial role of the government.[5] Moreover, Bressi contends that Special Agent O'Malley's use of evidence gathered by the grand jury in the search warrant applications, and his disclosure of grand jury evidence to Drug Enforcement Agency Chemist Joseph Bozenko, violated the grand jury secrecy requirements of Federal Rule of Criminal Procedure 6(e) and the related provisions of 12 U.S.C. § 3240.[6]

The Court also notes that Bressi's supplemental briefing is not limited to the issue at hand. Instead, he takes the opportunity to assert his responses to every argument raised in his omnibus brief, despite the Court's disposition of those

---

[4] Doc. 356 ¶¶ 11-13.
[5] *See* Doc. 362 at 6.
[6] *Id.* at 7-10.

2

issues two weeks prior. Bressi is hereby warned that the Court will impose appropriate consequences if he continues to assert already-rejected arguments.

Bressi is incorrect that Special Agent O'Malley's assistance to the grand jury poisons any other aspect of this case. Although it is undoubtedly true that the grand jury must "remain free, within constitutional and statutory limits, to operate 'independently of either prosecuting attorney or judge,'" it is common practice for the grand jury to "depend[] largely on the prosecutor's office to secure the evidence or witnesses it requires."[7] Accordingly, courts have recognized the propriety of the grand jury's reliance on agents of the prosecutor to assist in its investigative function.[8] To the extent this practice could blur the lines between prosecutor and grand jury, courts ask whether any compromise of the grand jury's independence resulted in "actual prejudice" in the form of a defective indictment.[9] Here, Bressi complains of Special Agent O'Malley's actions *after* the grand jury issued the indictment, so he has not shown the requisite actual prejudice for relief based on Special Agent O'Malley's purported dual roles, even if that practice were improper.[10]

---

[7] *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 429 (1983).
[8] *See United States v. Jones*, 766 F.2d 994, 1000-01 (6th Cir. 1985) (collecting cases).
[9] *Id.*; *see United States v. Kilpatrick*, 821 F.3d 1456, 1473-75 (10th Cir. 1987), *aff'd sub nom Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988); *Nova Scotia*, 487 U.S. at 256.
[10] *Nova Scotia*, 487 U.S. at 258 (reasoning that it is improper for a district court to rely on post-indictment violations as a basis for dismissing an indictment).

3

Special Agent O'Malley's use of evidence gathered by the grand jury in his applications for search warrants is also permissible. Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) expressly permits the prosecutor to share grand jury materials with Special Agent O'Malley to "assist in performing [the prosecutor's] duty to enforce federal criminal law."[11] Such sharing must be accompanied by notice to the Court and guidance to Special Agent O'Malley about his obligation to keep the shared information secret,[12] both of which the Government provided.[13] And Special Agent O'Malley's use of that information in his search warrant applications fits comfortably within the prosecutor's duty to enforce federal criminal law.[14] Thus, there was no breach of Rule 6(e), and, for the same reason, there was no violation of 12 U.S.C. § 3420.[15]

Nevertheless, Bressi contends that these acts collectively prove an improper effort by the Government to use the grand jury to gather evidence for his upcoming criminal trial.[16] According to Bressi, the Government used the grand jury's

---

[11] *Jones*, 766 F.2d at 1000 (approving disclosure of grand jury materials to ATF agent pursuant to Rule 6(e)(3)(A)(ii)); *cf. Sells Eng'g*, 463 U.S. at 436-42.
[12] Fed. R. Crim. P. 6(e)(3)(B).
[13] Docs. 381-1, 381-2.
[14] *United States v. Jackson*, 11 F.3d 953, 955 (10th Cir. 1993) (reasoning in 12 U.S.C. § 3420 dispute that disclosure of grand jury material in a search warrant was acceptable because "[c]learly, a United States Attorney's duties include the application for, and use of, search warrants"); *United States v. Lawson*, No. 08-CR-0021, 2008 WL 5397484, at *1 (E.D. Ky. Dec. 24, 2008) (approving FBI agent's disclosure of grand jury material in a search warrant as "central to [the Government's] duty of enforcing federal criminal law").
[15] 12 U.S.C. § 3420(a)(2) (permitting use of financial records "for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure").
[16] Doc. 362 at 7 (citing *United States v. Del Toro*, 513 F.2d 656, 664 (2d Cir. 1975) and *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3d Cir. 1980) ("*Johanson*")).

subpoena power to collect evidence on which Special Agent O'Malley could rely in his search warrant applications. Bressi therefore concludes that the warrants and their fruits are tainted and must be suppressed.

"It is a firmly entrenched rule that once a defendant has been indicted, a prosecutor may not use a grand jury's investigative powers for the purpose of securing additional evidence against the defendant for use in the upcoming trial."[17] But "the law presumes, absent a strong showing to the contrary, that a grand jury acts within a legitimate scope of its authority," and "the burden of showing unreasonableness must be on the" party challenging a subpoena's legitimacy.[18] Moreover, the issuance of an indictment does not render all post-indictment subpoenas suspect, because "[a] grand jury's investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed," including non-indicted crimes of the defendant or others.[19] Accordingly, the defendant bears the burden of "demonstrat[ing] that the sole or dominant purpose of seeking the evidence post indictment is to prepare for the pending trial."[20]

---

[17] *Johanson*, 632 F.2d at 1041.
[18] *United States v. R. Enters., Inc.*, 498 U.S. 292, 301 (1991); *Johanson*, 632 F.2d at 1041.
[19] *Johanson*, 632 F.2d at 1040-41 (quoting *United States v. Dionisio*, 410 U.S. 1, 13 (1973)).
[20] *Id.* at 1041; *see United States v. Dise*, 763 F.2d 586, 593 (3d Cir. 1985); *United States v. Chu*, No. 19-CR-0678, 2021 WL 5997985, at *3 (D.N.J. Dec. 20, 2021).

Bressi has come nowhere close to meeting this high burden. His evidence consists of the post-indictment timing of the subpoenas and the use of information obtained thereby in search warrant applications.[21] But, as explained, the grand jury was free to continue investigating Bressi or others for additional criminal acts even after indicting him,[22] and Special Agent O'Malley's use of that information in his own investigation was routine.[23] Given that Bressi was allegedly producing hundreds of kilograms of fentanyl and carfentanil as part of a multi-state drug trafficking conspiracy, it would be perfectly reasonable for the grand jury to continue to investigate his operation to ensure that it had indicted all of the conspirators, or to uncover any additional criminality on Bressi's part.[24] And the mere fact that no superseding indictment ultimately issued intimates nothing untoward about the grand jury's intent: a grand jury may investigate simply to "satisfy itself that [no crime] has occurred."[25] At bottom, Bressi merely speculates, based on circumstantial evidence, that the post-indictment subpoenas were intended to gather evidence to support the upcoming trial. That is not enough.[26]

---

[21] Doc. 362 at 7-8.
[22] *See Johanson*, 632 F.2d at 1040-41.
[23] *Jackson*, 11 F.3d at 955; *see United States v. Alvarado*, 840 F.3d 184, 190 (4th Cir. 2016) (advising that district court "should not restrict grand jury evidence arising out of 'a good-faith inquiry into charges that are not covered in the indictment'" (quoting *United States v. Brothers Constr. Co. of Ohio*, 219 F.3d 300, 314 (4th Cir. 2000) (internal alteration omitted)).
[24] *See United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997) ("Post-indictment action is permitted to identify or investigate other individuals involved in criminal schemes, or to prepare superseding indictments against persons already charged." (internal citation omitted)).
[25] *R. Enters.*, 498 U.S. at 297.
[26] *Johanson*, 632 F.2d at 1041-42.

Finally, Bressi complains that Special Agent O'Malley disclosed grand jury materials to Bozenko, a DEA employee, without advising the Court or providing the secrecy notice required by Rule 6(e)(3)(B). Even assuming that this disclosure was a violation of Rule 6(e) (which the government rather convincingly disputes),[27] Bressi is entitled to no relief, and the Court sees no need to take corrective action. There is no dispute that Bozenko *could have* reviewed grand jury materials under the Rule 6(e)(3)(A)(ii) exception,[28] and Bressi does not claim harm from any technical failure to comply with Rule 6(e)(3)(B). There is absolutely no evidence to suggest that the putative violation was anything but inadvertent, and disclosure to Bozenko did not result in any leaks or public disclosures that would contravene the purposes of the grand jury secrecy requirement.[29] With no harm flowing the violation (if there was one), no remedy is necessary.[30]

---

[27] *See* Doc. 365 at 3-5 (arguing that disclosure of documentary, non-testimonial evidence does not "reveal any of the inner workings of the Grand Jury" and is therefore not a violation of Rule 6(e) (citing *In re Grand Jury Investigation, Appeal of N.J. State Comm'n of Investigation*, 630 F.3d 996 (3d Cir. 1980)).

[28] *Jones*, 766 F.2d at 1000 (reasoning that disclosure of grand jury materials to ATF agent was permissible under Rule 6(e)(3)(A)(ii)).

[29] *See Sells Eng'g*, 463 U.S. at 424 (describing purposes of secrecy requirement).

[30] *See Nova Scotia*, 487 U.S. at 263.

## III. CONCLUSION AND ORDER

For the above-stated reasons, **IT IS HEREBY ORDERED** that Bressi's Motion to Suppress Evidence Seized via Grand Jury Subpoena, the remaining issue in his omnibus motion, (Doc. 356) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge